UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYMOND ALSTON,

                Petitioner,        **REPORT AND**
                                                          **RECOMMENDATION**

                                                            22-CV-00158(JLS)(JJM)
v.

SUPERINTENDENT, ORLEANS CORRECTIONAL
FACILITY

                Respondent.
_____

        Before the court is petitioner Raymond Alston's *pro se* Petition [1][1] for habeas corpus relief pursuant to 28 U.S.C. §2254, which has been referred to me for initial consideration by District Judge John L. Sinatra, Jr. [11]. Having reviewed the parties' submissions [1, 8 and 9] and the state court record (August 4, 2022 docket entry), I recommend that the Petition be denied.

### BACKGROUND

        Alston was charged in a three-count an Indictment (no. 00822-2014) returned by an Erie County, New York grand jury in connection with the May 14, 2014 home invasion burglary of Terri Dabney. The charges against Alston included two counts of burglary in the first degree, in violation of N.Y. Penal Law ("PL") §§140.30(1), (4), and 20.00 (Indictment, First

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

and Second Counts), and unlawfully fleeing a police officer in a motor vehicle in the third degree, in violation of PL §270.25 (id., Third Count).

During a February 2016 bench trial before Erie County Court Judge David Foley, evidence was introduced that at approximately 2:00 a.m. on the date in question, a neighbor observed three men walking toward the dead end of Blake Street in the City of Buffalo. *See* trial transcript (volume 1) at 105. Dabney's residence was located at 91 Blake Street, one house from the dead end. Id. at 30-31. Approximately 15 to 20 minutes later, the neighbor observed the same three men, two of whom were carrying guns, coming from that direction and entering a vehicle. *See* Id. at 105-110, 128. Following the neighbor's 911 call, law enforcement observed the suspect vehicle, which fled. After a high-speed pursuit, Alston and James Williams were apprehended. Id. at 161-68, 258-64.

Alston was convicted of two counts of burglary in the second degree, in violation of PL §140.25(2), and sentenced to 20 years to life in prison as a persistent violent felony offender. *See* Certificate of Conviction. Following a direct appeal, the State of New York Supreme Court, Appellate Division, Fourth Department, unanimously affirmed the conviction and sentence. *See* People v. Alston, 174 A.D.3d 1349, 1351 (4th Dept. 2019), lv. denied, 34 N.Y.3d 978 (2019), cert. denied, 140 S.Ct. 2530 (2020). In doing so, the Appellate Division rejected Alston's contention that the Erie County Court had "improperly considered burglary in the second degree . . . as a lesser included offense of burglary in the first degree", because he had failed to preserve that issue for appeal. Id. at 1351. It also concluded that Alston's sentence was "not unduly harsh or severe" Id.   Alston later filed a motion for a writ of error coram nobis, which was denied. *See* People v. Alston, 193 A.D.3d 1441 (4th Dept. 2021).

Alston's Petition raises the following grounds for habeas relief: 1) that he was "convicted on [the] unindicted charge" of burglary in the second degree (ground one); 2) that he was denied "a fair trial" by the prosecutor's failure to "notify [him] of new charge that was never charged" and the defense attorney was ineffective by "not preserv[ing] [the] court[']s error by objection" (ground two); 3) that he was "convicted of one count of unindicted . . . burglary and . . . failed to even address count on [the] record" (ground three); and 4) that his sentence was "harsh [and] excessive" (count four).

## DISCUSSION

**A.     Habeas Standard**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat 1214, 28 U.S.C. §2254(d) provides that a habeas corpus petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§2254(d). This standard has been described as "a steep hill to climb". Reinard v. Bell, 2021 WL 1746430, *6 (W.D.N.Y. 2021).

B.       **Exhaustion Requirement**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies". Baldwin v. Reese, 541 U.S. 27, 29 (2004). To satisfy the exhaustion requirement, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process". O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement may be excused if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner]". 28 U.S.C. §2254(b)(1)(B).

C.       **Conviction for the Lesser Included Offense of Burglary in the Second Degree**

Most of Alston's Petition (grounds one through three) argues that the trial court improperly convicted him of burglary in the second degree (PL §140.25(2)) as a lesser included offense of burglary in the first degree (PL §§140.30(1), (4)). The State argues that "none" of Alston's claims are cognizable on habeas review, since "considering and convicting under a lesser included offense does not implicate the federal Constitution". State's Memorandum of Law [9] at 9. I agree in part.

Generally, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States". Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Therefore, "[i]t is widely accepted that a claim alleging that a trial court lacked jurisdiction due to purported violations of state law is not cognizable on federal habeas review". Ramirez v. Koenig, 2020 WL 6435393, *5 (C.D.

Cal.), adopted, 2020 WL 6395475 (C.D. Cal. 2020). See also United States ex rel. Herrington v. Mancusi, 415 F.2d 205, 209 (2d Cir. 1969) ("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law"); Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) ("[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary").

In addressing a claim similar to Alston's, the Eastern District of New York explained:

> "In *federal* criminal cases, an indictment that is amended outside of the grand jury process constitutes a *per se* violation of the Fifth Amendment right to be indicted by a grand jury. . . . The Fifth Amendment right to a grand jury indictment, however, 'has not been incorporated against the states through the Fourteenth Amendment.' . . . Accordingly, Petitioner's argument that the indictment was improperly amended is a matter of New York state constitutional law . . . . Under New York law, 'if a court determines that a lesser offense is supported by legally sufficient evidence, it has the authority to direct that the count of the indictment be amended so as to charge the lesser offense.'. . . While the Constitution prohibits amending an indictment outside the presence of a grand jury, it does not prohibit a defendant's conviction for an offense that is a lesser included offense in the offense charged in the indictment." Viera v. Sheahan, 2020 WL 3577390, *6–7 (E.D.N.Y.2020) (emphasis in original).

The same holds true here.[2] Although Alston's claim that he was improperly convicted of a lesser included offense is not cognizable on habeas review, Alston also asserts an independent ineffective assistance of counsel claim arising from trial counsel's failure to object to the trial court's decision to convict him of the lesser included offense (Petition [1], ground two). See Lopez v. Greiner, 323 F. Supp. 2d 456, 472 (S.D.N.Y. 2004), aff'd, 159 F. App'x 320

---

[2] Even if this claim was cognizable on habeas review, the State correctly notes that Alston's claim that the trial court improperly considered burglary in the second degree as a lesser included offense of burglary in the first degree was procedurally defaulted. See Alston, 174 A.D.3d at 1351 ("[p]ursuant to CPL 300.50(1), '[a]ny error respecting such [consideration by the court] . . . is waived by the defendant unless he [or she] objects thereto' in a timely manner, and defendant failed to make any such objection here"). Nor has Alston alleged an excuse for, or prejudice from, this procedural default.

(2d Cir. 2005) (although the petitioner's suppression claim was not cognizable on habeas review, his "ineffective-assistance claim based on the failure of trial counsel to move to suppress the search warrant . . . remain[ed] cognizable on federal habeas", since "[t]he Sixth Amendment confers an independent right to the assistance of counsel in criminal cases"); Watkins v. Perez, 2007 WL 1344163, *9 (S.D.N.Y. 2007) (same).

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. *See* Strickland v. Washington, 466 U.S. 668, 687 (1984).

A conviction for burglary in the first degree requires that the individual "knowingly enter[ ] or remain[ ] unlawfully in a building with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime" either be armed with a deadly weapon or display what appears to be a firearm. PL §§140.30(1) and (4). By contrast, "[a]ll that is required to establish guilt of burglary in the second degree [PL §140.25(2)] . . . is that the defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein." People v. LaPetina, 34 A.D.3d 836, 839 (2d Dept. 2006), aff'd, 9 N.Y.3d 854 (2007). Hence, "burglary in the second degree is conceptually a lesser included offense of burglary in the first degree." People v. McAvoy, 160 A.D.2d 1180, 1181 (3d Dept. 1990). *See also* People v. Koberstein, 103 A.D.2d 1021, 1021 (4th Dept. 1984), aff'd, 66 N.Y.2d 989 (1985) ("[b]urglary in the second degree is a lesser included offense of burglary in the first degree").

In a non-jury trial, New York Criminal Procedure Law ("CPL") §§300.50 and 320.20(4), (5) permit a court to consider a lesser-included offense "if there is a reasonable view

of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater", so long as the parties are notified prior to the summations. "In assessing whether there is a reasonable view of the evidence, the proof must be looked at in the light most favorable to the defendant, which requires awareness of the jury's right to accept some part of the evidence presented by either side and reject other parts of that proof." People v. Rivera, 23 N.Y.3d 112, 120–21 (2014).

Here, the parties were notified prior to summations of the court's intent to consider the lesser included offense of burglary in the second degree (*see* trial transcript (volume 4) at 422). Although a BB gun and 9-millimeter handgun were recovered along the chase route, law enforcement did not witness anything being thrown from the window of the vehicle, both Alston and Williams were apprehended without a firearm, Alston and Williams were excluded as contributors to the DNA located on the handgun, Alston could not be included or excluded as a contributor to the DNA located on the BB gun, and Williams was excluded as a contributor to the DNA located on the BB gun. *See* trial transcript (volume 1) at 168, 171-73, 200; (volume 3) at 386, 396, 398, 409; Alston's July 30, 2018 Appellate Brief at 9 ("[neither] of the apprehended men possessed a gun").

Interpreting the record in a light most favorable to Alston, there was a reasonable view of the evidence that Alston and Williams participated in the burglary of a dwelling, but did not possess a deadly weapon or display what appeared to be a firearm. Therefore, the trial court properly considered the lesser included offense of burglary in the second degree as permitted by the CPL, and "counsel was not ineffective for failing to preserve a meritless issue". Casado v. Sheehan, 2017 WL 2334885, *2 (W.D.N.Y. 2017).

**D.      Harsh and Excessive Sentence**

"When a petitioner claims that his sentence is harsh and excessive, for purpose of habeas review, no federal constitutional issue is presented if the sentence is within the range prescribed by state law." Owens v. Coveny, 2020 WL 7389156, *7 (W.D.N.Y.), adopted, 2020 WL 7385327 (W.D.N.Y. 2020).

Alston was sentenced as a persistent violent felony offender to twenty years to life in prison. As the State argues, this sentence was less than the statutory maximum of twenty-five years to life. *See* PL §§ 70.08(2), (3)(b) (a persistent violent offender is subject to an indeterminate sentence with a mandatory minimum of between sixteen and twenty-five years and a required maximum of life imprisonment). Therefore, Alston's sentence does not violate the Eighth Amendment. *See* Lara v. Keyser, 2020 WL 3127820, *5 (S.D.N.Y. 2020).

**CONCLUSION**

For these reasons, I recommend that the Petition for a writ of habeas corpus [1] be denied, and since Alston has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. §2253(c)(2), I further recommend that no certificate of appealability be issued.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by January 23, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material

which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 5, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge