UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

RAYMOND ALSTON,

        Petitioner,

v.

        22-CV-158 (JLS) (JJM)

STATE OF NEW YORK,

        Respondent.

———————————————————

## DECISION AND ORDER

Petitioner Raymond Alston commenced this proceeding in February 2022, when he filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. Alston was convicted, after a bench trial, of two counts of burglary in the second degree, for which he was sentenced to imprisonment for twenty years to life. He challenges his conviction on four grounds—two related to his convictions for burglary in the second degree as lesser-included charges of burglary in the first degree, one for the purported ineffective assistance of his counsel for failure to object to the trial judge considering the lesser-included charges, and one for the "harsh and excessive" sentence he received for those convictions. See Dkt. 1, at 2. Respondent filed a response to the petition. Dkt. 8; Dkt. 9. Alston did not reply.

This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 18 U.S.C. § 636(b)(1)(B) and (C). Dkt. 11. On January 5, 2023, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court (1) deny the petition, and (2) decline to issue a

certificate of appealability. Dkt. 12. In particular, Judge McCarthy concluded that Alston's convictions of the lesser-included burglary in the second degree charges—for which Alston was not indicted—did not provide a basis for federal habeas relief, requiring denial of Alston's first and second grounds for relief. *See id.* at 4–5. As to the third ground for relief, Judge McCarthy concluded that Alston's trial counsel was not ineffective for failing to object to the lesser-included charges because such an objection lacked merit under New York law. *See id.* at 6–7. And as to the fourth ground for relief, Judge McCarthy concluded that Alston's sentence was not harsh and excessive because it was within the range prescribed by New York law for a persistent violent felony offender. *See id.* at 8.

Alston submitted a letter addressed to Judge McCarthy on January 20, 2023,[1] regarding the "unindicted charge of burglary in the second degree." Dkt. 13. He stated that such a charge required "a court amended indictment" of the indictment issued against him by the grand jury, and that he was sentenced based on "a false charge." *Id.* He asked the Court to "correct this sentence" and "look into [his] valid claim of wrongful conviction and set it right." *Id.* After this Court construed Alston's letter as objections to Judge McCarthy's R&R, *see* Dkt. 14, Respondent did not respond. Alston submitted a letter to this Court on February 21, 2023,[2] which appears to reproduce a variation on this Court's February 13, 2023 text order, but does not raise any substantive arguments. Dkt. 15.

---

[1] The letter is undated, but is postmarked January 20, 2023. *See* Dkt. 13, at 2.

[2] The letter is undated, but is postmarked February 21, 2023. *See* Dkt. 15, at 2.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Assuming—in light of his *pro se* status—that Alston properly objected to the R&R, the Court undertook that *de novo* review here. Based on that review of Judge McCarthy's R&R and the relevant record, the Court accepts and adopts Judge McCarthy's recommendations to deny the petition and to refrain from issuing a certificate of appealability.

## CONCLUSION

For the reasons stated above and in the R&R, the relief sought in the petition is DENIED, and the petition is DISMISSED. This Court concludes that Alston failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and, therefore, DENIES a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444–46 (1962). The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   August 1, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

3